Henry E. Strassheim and Adolph S. Boericke, trading
as Henry E. Strassheim & Company, Defendants in
Error, v. John C. Reuttinger, Plaintiff in Error.

Gen. No. 21,240.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F.
ROBINSON, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1915. Reversed and judgment here. Opinion
filed March 9, 1916.

## Statement of the Case.

Action by Henry E. Strassheim and Adolph S.
Boericke, trading as Henry E. Strassheim & Company,
plaintiffs, against John C. Reuttinger, defendant, for a
commission of $143.75 on account of furnishing a pro-
spective purchaser with whom defendant entered into
a written contract to sell a certain lot. From a judg-
ment for plaintiffs, defendant brings error.

Against defendant's denial of an agreement to pay
a commission was the testimony of plaintiff Strassheim
and his clerk or agent, who began the negotiations, and
the recognition in said written contract of the vendor's
obligation to pay his broker a commission. Defendant
fixed his price at $3,750 and agreed to pay a commis-
sion of two and one-half per cent. thereon ($93.75).
Plaintiffs drew the contract and in it designated the
purchase price as $3,800 with a mutual understanding
between plaintiffs and defendant that the excess of
$50 was to go to plaintiffs, though the purchaser sup-
posed that $3,800 was the actual purchase price. The
contract provided for a deposit of $200 with plaintiffs
as earnest money to be retained by defendant as
liquidated damages in case the purchaser failed to per-
form, and if retained was to be applied "first, to the
payment of any expenses incurred for the vendor by
his agent in said matter, and second to the payment

of vendor's broker of a commission of $143.75 for services in procuring this contract, rendering the overplus to the vendor.'' Because of the failure of defendant to furnish an abstract in accordance with the terms of the contract, the purchaser demanded of and received from plaintiffs the return of said earnest money.

Everett & McGonigle, for plaintiff in error; John C. Everett, of counsel.

William G. Wise, for defendants in error.

Mr. Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

1. Brokers, § 88*—*when evidence sufficient to sustain finding that vendor agreed to pay brokers a commission.* In an action for commission due plaintiffs, as real estate brokers, where it appeared that against defendant's denial of agreement to pay such commission there was testimony of plaintiff and his clerk or agent who began the negotiations, and a recognition in the contract of defendant to sell, on which the action was based, that the vendor was obliged to pay such broker a commission, evidence *held* sufficient to sustain a finding that defendant agreed to pay plaintiffs a commission.

2. Brokers, § 61*—*when liability of vendor not affected by deception of purchaser by brokers.* In an action by a real estate broker for his commission against the vendor of property where there was an agreement between the broker and vendor that, unknown to the purchaser, a certain sum out of the supposed purchase price was to go to such broker, the apparent deception of the purchaser does not affect the vendor's liability.

3. Brokers, § 66*—*when only entitled to additional commission.* Where a real estate broker is entitled to a certain sum in addition to his stipulated commission only in case the contract of sale is consummated and the entire purchase price paid, or in the event that a certain sum as earnest money is retained as liquidated damages under the terms of such contract of sale, and neither of such events happens, he is entitled to recover only such stipulated commission.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.